THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 2:13-cv-00040-MR-DLH

| | |
|---|---|
| DUKE ENERGY CAROLINAS, LLC, ) ) ) Plaintiff, ) ) vs. ) ) ) FRONTIER COMMUNICATIONS ) OF THE CAROLINAS, LLC, ) ) Defendant. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Lift Stay [Doc. 50]. Also pending before the Court are the following motions: Plaintiff's Motion to Remand, [Doc. 46], Defendant's Response to Plaintiff's Motion for Remand or in the Alternative for Additional Time to File a Responsive Brief, [Doc. 48], and Plaintiff's Reply to Frontier's Response, [Doc. 49].

I.   **PROCEDURAL BACKGROUND**

The Plaintiff initiated this action in Macon County, North Carolina on September 23, 2013, seeking damages from the Defendant for claims of breach of contract and unjust enrichment. [Doc. 1-1]. The Defendant

removed the action to this Court on October 18, 2013. [Doc. 1]. Magistrate Judge Howell entered an order on July 15, 2014 to stay this case in order for the Federal Communications Commission to determine the rate that can be charged for the Defendant's use of utility poles. [Doc. 38]. On August 7, 2014, Judge Howell further ordered that the parties were to file a response disclosing their names and citizenships. [Doc. 42]. After the parties responded to such Order, the Plaintiff moved to remand the case to state court due to an alleged lack of subject matter jurisdiction. [Doc. 46]. The Defendant responded opposing the Plaintiff's motion for remand or in the alternative asking for additional time to file a responsive brief. [Doc. 48]. The Defendant argues that the Plaintiff's motion for remand was not proper, in light of the Court's stay on the case. [Id.]. On November 20, 2014, the Plaintiff responded to the Defendant's response and additionally moved to lift the stay on the case. [Docs. 49, 50].

This matter is now ripe for disposition.

## II. DISCUSSION

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). "Subject matter jurisdiction

cannot be conferred by the parties, nor can a defect in subject matter jurisdiction be waived by the parties." Brickwood Contractors, Inc. v. Datanet Engineering, Inc., 369 F. 3d 385, 390 (4th Cir. 2004). Issues of subject matter jurisdiction "may be raised at any point during the proceedings" by any party, and by the Court itself. Bender, 475 U.S. at 541.

A defendant may remove a civil action from state court where the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction of civil actions between citizens of different states, where the amount in controversy exceeds $75,000 and there exists complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332. Where jurisdictional issues arise while a case is stayed, the stay can be lifted for the purpose of resolving the jurisdictional issue. See Meyers v. Bayer AG, 143 F. Supp. 2d 1044 (E.D. Wis. 2001) (requiring the court to consider the motion to remand based on the jurisdictional issue even while the case was stayed); see also Hotseller v. Pfizer, Inc., No. 1:04CV01956-JDTWTL, 2005 WL 756224, at *1-2 (S.D. Ind. Jan. 6, 2005) (lifting the stay for the purpose of considering the motion to remand only).

Here, there is a question regarding whether subject matter jurisdiction exists for this Court to hear this case. The Plaintiff has already moved to remand the case, and has provided argument regarding such motion. [Doc. 46]. The Defendant contends that such a motion is improper due to the current stay in this case. [Doc. 48]. The Court finds that the stay will be lifted for the sole purpose of resolving the jurisdictional issue. The Defendant will be given fourteen (14) days from the entry of this Order to provide argument to the Court regarding the jurisdictional issue in this case.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Lift Stay in this case be **GRANTED in part**, solely for the purpose of resolving the subject matter jurisdictional issue.

**IT IS FURTHER ORDERED** that the Defendant has fourteen (14) days from the entry of this Order to provide argument to the Court regarding the subject matter jurisdictional issue.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge