THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 2:13-cv-00040-MR-DLH

| | |
|---|---|
| DUKE ENERGY CAROLINAS, LLC, ) ) ) Plaintiff, ) ) vs. ) ) ) FRONTIER COMMUNICATIONS ) OF THE CAROLINAS, LLC, ) ) Defendant. ) _____ ) | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Remand, [Doc. 46], Defendant's Response to Plaintiff's Motion for Remand or in the Alternative for Additional Time to File a Responsive Brief, [Doc. 48], and Plaintiff's Reply to Frontier's Response, [Doc. 49].

**I.    PROCEDURAL BACKGROUND**

The Plaintiff initiated this action in Macon County, North Carolina on September 23, 2013, seeking damages from the Defendant for claims of breach of contract and unjust enrichment. [Doc. 1-1]. The Defendant removed the action to this Court on October 18, 2013. [Doc. 1]. Magistrate Judge Howell entered an order on July 15, 2014 to stay this case in order

for the Federal Communications Commission to determine the rate that can be charged for the Defendant's use of utility poles. [Doc. 38].

On August 7, 2014, Judge Howell further ordered that the parties were to file a response disclosing their names and citizenships. [Doc. 42]. The Plaintiff responded as follows:

> Duke Energy hereby discloses that it is a North Carolina limited liability company and that its sole member is Duke Energy Corporation, a corporation organized and existing under the laws of the state of Delaware with its principal place of business in Charlotte, North Carolina. Accordingly, for the purposes of 28 U.S.C. §§ 1332 and 1441, Duke Energy Corporation is a citizen of the states of Delaware and North Carolina.

[Doc. 44]. The Defendant responded as follows:

> Frontier Communications of the Carolinas LLC is a Delaware limited liability company with a principal place of business in Connecticut. The sole member of Frontier Communications of the Carolinas LLC is Frontier Communications ILEC Holdings LLC, which is a Delaware limited liability company with a principal place of business in Connecticut. The sole member of Frontier Communications ILEC Holdings LLC is Frontier Communications Corporation, which is a Delaware corporation with a principal place of business in Connecticut.

[Doc. 45]. After such responses, the Plaintiff moved to remand the case to state court due to an alleged lack of subject matter jurisdiction. [Doc. 46].

The Defendant responded opposing the Plaintiff's motion for remand or in the alternative asking for additional time to file a responsive brief. [Doc. 48]. The Defendant argued that the Plaintiff's motion for remand was not proper, in light of the Court's stay on the case. [Id.]. On November 20, 2014, the Plaintiff replied to the Defendant's response and additionally moved to lift the stay on the case. [Docs. 49, 50].

On December 23, 2014, this Court granted the Plaintiff's Motion to Lift Stay solely for the purpose of resolving the subject matter jurisdictional issue. [Doc. 52]. Further, this Court gave the Defendant fourteen days to provide argument regarding the subject matter jurisdictional issue. [Id.]. Such time has now expired, and the Defendant has not provided any argument to the Court.

This matter is now ripe for disposition.

## II. DISCUSSION

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986). "Subject matter jurisdiction cannot be conferred by the parties, nor can a defect in subject matter jurisdiction be waived by the parties." Brickwood Contractors, Inc. v.

Datanet Engineering, Inc., 369 F. 3d 385, 390 (4th Cir. 2004). Issues of subject matter jurisdiction "may be raised at any point during the proceedings" by any party, and by the Court itself. Bender, 475 U.S. at 541.

Federal courts have original jurisdiction of civil actions between citizens of different states, where the amount in controversy exceeds $75,000 and there exists complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332. For complete diversity to exist, "the citizenship of each plaintiff [must be] diverse from the citizenship of each defendant." Caterpillar Inc. v. Lewis, 519 U.S. 61, 62 (1996) (citing Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990)). "For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all of its members." Cent. W. Virginia Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011) (citing Gen. Tech. Applications, Inc. v. Exro Ltda, 388 F.3d 114, 121 (4th Cir. 2004)). "The party seeking federal jurisdiction has the burden generally of proving that subject matter jurisdiction exists." Murphy & Chapman, P.A. v. Metro. Life Ins. Co., No. 3:05-cv-0472-H, 2006 WL 211811, at *2 (W.D.N.C. Jan. 25, 2006) (citing Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co.

v. United States, 945 F.2d 765, 768 (4th Cir. 1991); and Norfolk Southern Ry. Co. v. Energy Development Corp., 312 F.Supp.2d 833, 835 (S.D.W.Va. 2004)).

A defendant may remove a civil action from state court where the action is one "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Since the "existence of subject matter jurisdiction is a threshold issue . . . any removed case lacking a proper basis for subject matter jurisdiction must be remanded." UMLIC Consol., Inc. v. Spectrum Fin. Servs. Corp., 665 F. Supp. 2d 528, 532 (W.D.N.C. 2009).

Here, this Court does not have subject matter jurisdiction over this case because the parties are not completely diverse. The sole member of Duke Energy is Duke Energy Corporation, which is organized and existing under the laws of the state of Delaware. [Doc. 44]. Thus, Duke Energy is a citizen of Delaware. The sole member of Frontier Communications of the Carolinas LLC is Frontier Communications ILEC Holdings LLC, which is a Delaware limited liability company. [Doc. 45]. In addition, ILEC Holdings LLC is owned by another LLC which is owned by a Delaware corporation. Hence, the citizenship of Frontier Communications of the Carolinas LLC is clearly in Delaware. Therefore, complete diversity of citizenship does not

exist between the parties, and this Court does not have subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332.

Thus, this case must be remanded to the General Court of Justice for the State Court of North Carolina, Superior Court Division, Macon County.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Remand [Doc. 46] be **GRANTED** and this action is hereby **REMANDED** to the General Court of Justice for the State of North Carolina, Superior Court Division, Macon County.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge